[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] SUPPLEMENTAL JUDGMENT
On April 8, 1999, this court dissolved the marriage of the parties and entered various orders. At that time, both parties testified they were relocating to Baltimore, Maryland. As a result of their leaving Connecticut, the financial situations of both parties were unsettled.
At the time of dissolution, the court entered the following orders:
(1) The plaintiff shall pay to the defendant, as periodic alimony, the sum of $1.00 per year until the death of either party, the defendant's remarriage or her cohabitation in accordance with the statute, whichever event first occurs;
(2) No order for child support shall be entered at this time in view of the financial situation of the parties. However, the alimony and child support obligations shall be reviewed at a hearing held sixty days from this time;
(3) The plaintiff shall maintain a life insurance policy in the minimum amount of $250,000 with the defendant as beneficiary and the children as alternate beneficiaries, for as long as the plaintiff is obligated to pay alimony. This order is subject to review and modification at the time alimony and child support orders are entered.
 On June 16, 1999, the court received evidence on the outstanding financial issues. CT Page 7745
 The plaintiff, age 46, is a graduate of Notre Dame with a bachelor of architecture degree. Also, he attended Columbia University and earned a Masters degree in architecture and urban design. He has been self employed as an architect since 1990. Since his relocation to Baltimore, he is attempting to establish a practice in that area.
 The defendant, age 46, is a graduate of Washington College, in Maryland, and has worked as a teacher. She is currently two years post treatment for colon cancer. Her limited stamina and obligations associated with raising her children restrict her ability to work full time. She has worked part-time in a child care facility.
 The plaintiff testified at the April 8, 1999 trial that his gross income to that time since January 1999 was between $5,000 and $7,000. At the June 16, 1999 hearing, the plaintiffs testimony and financial affidavit indicate he performed services for a client between March 31, 1999 and June 16, 1999 and was paid $2, 500 and billed for an additional $3, 000. Also, the plaintiff indicated there could be more work available to him on this project.
 Based on the plaintiffs revenues for his services during the past two and one-half month period and what he earned prior thereto in 1999, the court finds the plaintiffs projected income for calendar year to be $30,000. Also, it is noted that the plaintiff testified that current salaries paid architects in the Baltimore area are $35,000, per year.
 Based on the defendant's earnings of 1998, the court finds the defendant's earning capacity to be $10,500, per year.
 The court's following orders are based on the incomes stated above. The court recognizes that the combined projected incomes of the parties are woefully inadequate for the needs of a family with three children and two separate households. The court believes that with some effort the plaintiff can earn more than the income attributed to him at this time.
 The plaintiff shall furnish the defendant with financial statements, showing his income and net worth, on a quarterly basis. The statements shall be in affidavit form and shall commence on October 15, 1999 and continue on January 15, 2000, April 15, 2000 and July 15, 2000 for the previous three months CT Page 7746 and continue regularly thereafter until further order of the court. Also., the plaintiff shall furnish the defendant with a copy of his annual federal income tax return within 30 days after filing.
The following orders may enter:
(1) Under the present circumstances, the court is unable to alter the prior alimony order requiring the plaintiff to pay the defendant the sum of $1 per year as periodic alimony. The order shall continue under the same term and conditions previously ordered on April 8, 1999.
(2) Under the current custody orders, the two younger children of the parties reside primarily with the defendant, and the parties share custody of their oldest child, Edward. To determine child support obligations under the Connecticut Child Support Guidelines, the court was required to perform some complex calculations. With the able assistance of Mr. Roger Grenier, Family Services Supervisor for this Judicial District, that was done and attached hereto are the computations that were made to determine the patties' obligations. They indicate that the plaintiffs responsibility is two hundred-forty two ($242) dollars, per week.
 The court finds, however, that application of the guidelines would be inequitable in this case. The parties have shared custody arrangements, and requiring the plaintiff to pay the amount required under the guidelines would result in his paying more than his obligation would be if all three children resided with the defendant. Therefore, the plaintiffs contribution for child support shall be two hundred ($200) dollars per week, or eight hundred sixty ($860) dollars per month.
 The payments shall be in two installments of four hundred thirty ($430) dollars each, payable, in advance, on the first and fifteenth day of each month, commencing August 1, 1999 and monthly thereafter until the death of the children, their emancipation, their reaching majority or as long as the plaintiff is obligated to pay child support in accordance with section 46b-84 (b) of the Connecticut General Statutes, whichever event first occurs.
A contingent wage withholding order may enter. CT Page 7747
(3) The plaintiff shall maintain life insurance in the face amount of $250,000 with the defendant as primary beneficiary and the children as alternate beneficiaries, for as long as the plaintiff is obligated to pay periodic alimony. If the defendant shall remarry before all the children reach majority, the children shall be named primary beneficiaries for as long as the plaintiff is responsible for child support. The plaintiff shall furnish the defendant proof of coverage annually.
 The court has ordered the defendant be named as primary beneficiary, because her medical condition raises some concern about her ability to work in the future. Also, the court believes the defendant would look after the needs of her children if they are minors at the time any insurance benefits are paid.
 The parties made requests concerning other financial issues, and the following orders may enter:
(4) The defendant's request for counsel fees is denied. Each party shall pay her or his own counsel fees.
(5) The plaintiff, as previously ordered, shall carry medical insurance for the benefit of the minor children, and he shall be solely responsible for any unreimbursed and uninsured medical expenses. Section 46b-84 (e) of the Connecticut General Statutes shall apply.
(6) Any balance received from the return of the parties' security deposit shall be equally divided between them. If litigation is required to obtain the return of the deposit, any unreimbursed legal fees shall be paid from any recovery before division of the balance.
(7) The plaintiff shall reimburse the defendant the sum of $700, which represents one-half of Dr. Landau's bill paid by defendant.
Judgment may enter accordingly.
 CHILD SUPPORT GUIDELINES WORKSHEETS
The Child Support Guidelines were calculated by imputing gross income of $30,000 to Mr. Mudd and $10,500 to Mrs. Mudd. The tax was calculated for Mr. Mudd as filing single with two dependency deductions. There was no tax obligation assigned to CT Page 7748 Mrs. Mudd.
One worksheet assesses the child support obligation for two children who have primary residence with their mother. Mr. Mudd's obligation is $167 per week for the two children.
There are two worksheets for Edward who shares nearly equal time with each parent. Mr. Mudd's obligation for Edward is $115 and Mrs. Mudd's obligation for Edward is $40; thus, Mr. Mudd's net obligation for Edward is $75 ($115 less $40 = $75.
Accordingly, Mr. Mudd's child support obligation is $167 for Catherine and Henry, plus $75 for Edward, for a total child support obligation of $242 per week for all three children.
 EXHIBIT — Page 1
APPENDIX A
 CONNECTICUT CHILD SUPPORT AND ARREARAGE GUIDELINES WORKSHEET A — Page 1
FRANCES MUDD EDWARD MUDD FRANCES MUDD
MOTHER FATHER NAME OF CUSTODIAN
COURT_____________ D.N./CASE NO. FA98-0168224 NUMBER OF CHILDREN 2
CHILDS NAME DATE OF BIRTH CHILDS NAME DATE OF BIRTH
_______________ ______________ ____________ _____________
CATHERINE 7-23-91 ____________ _____________
HENRY 9-27-93 ____________ _____________
 I. Net Income Computation (Weekly amounts) MOTHER FATHER
1. Gross income (attach verification) $ 202 $ 577
2. Number of exemptions for tax purposes ______ ______
3. Federal income tax $_____ $ 59
4. State and local income tax $_____ $______ CT Page 7749
5. Social security tax or mandatory retirement $_____ $ 44
6. Health insurance premiums (other than child) $_____ $______
7. Union dues or fees $_____ $______
8. Unreimbursed work-related day care $_____ $______
9. Other alimony and child support orders $_____ $______
10. Sum of lines 3 — 9 $_____ $______
11. Net income (line 1 minus line 10) $_____ $______
II. Current Support Determination
12. Combined net weekly income (nearest $10.00) $ 676
13. Basic obligation (from schedule) $ 250
14. Check here if noncustodial parent is a low-income obligor (see instructions) ________
15. Child's health insurance premium $_____ $ 26
16. Total obligation (Line 13 minus noncustodial parent's line 15 amount if line 14 is checked; line 13 plus line 15 total for all other cases) $ 276
17. Each parent's decimal share of line 12 (If line 14 is checked, skip this line and line 19, and enter the line 16 amount in the noncustodial parent's column on line 18.) 30% 70%
18. Each parent's share of the total obligation (Line 17 times line 16 for each parent) $ 83 $ 193
19. Health insurance premium adjustment $______ $ 26
20. Social security benefits adjustment $______ $______
21. Sum of lines 19 and 20 (for each parent) $_____ $ 26
22. Recomended [Recommended] support amounts CT Page 7750 (Line 18 minus 21) $ 83 $ 167
23. Current support order (Noncustodial parent(s) only. If different fran line 22 amount, explain in section VI.) $______ $______ GO TO THE NEXT PAGE
 EXHIBIT — Page 2 CONNECTICUT CHILD SUPPORT AND ARREARAGE GUIDELINES WORKSHEET A — Page 1
FRANCES MUDD EDWARD MUDD SHARED (MOTHER)
MOTHER FATHER NAME OF CUSTODIAN
COURT____________ D.N./CASE NO. 98-0168224 NUMBER OF CHILDREN 1
CHILD'S NAME DATE OF BIRTH CHILD'S NAME PLACE OF BIRTH ____________ _____________ ____________ ______________
EDWARD 8-15-86 ____________ ______________
____________ _____________ ____________ ______________
I. Net Income Computation (Weekly amounts) MOTHER FATHER
1. Gross income (attach verification) $ 202 $ 577
2. Number of exemptions for tax purposes _______ ______
3. Federal income tax $_______ $ 59
4. State and local income tax $______ $______
5. Social security tax or mandatory retirement $______ $ 44
6. Health insurance premiums (other than child) $______ $______
7. Union dues or fees $______ $______
8. Unreimbursed work-related day care $______ $______
9. Other alimony and child support orders $______ $______
10. Sum of lines 3 — 9 $______ $______ CT Page 7751
11. Net income (line 1 minus line 10) $ 202 $ 474
II. Current Support Determination
12. Combined net weekly income (nearest $10.00) $ 676
13. Basic obligation (from schedule) $ 170
14. Check here if noncustodial parent is a low-income obligor (see instructions) _______
15. Child's health insurance premium $______ $ 13
16. Total obligation (Line 13 minus noncustodial parent's line 15 amount if line 14 is checked; line 13 plus line 15 total for all other cases) $ 183
17. Each parent's decimal share of line 12 (If line 14 is checked, skip this line and line 19, and enter the line 16 amount in the noncustodial parent's column on line 18.) 30% 70%
18. Each parent's share of the total obligation. (Line 17 times line 16 for each parent) $ 55 $ 128
19. Health insurance premium adjustment $____ $ 13
20. Social security benefits adjustment $____ $____
21. Sum of lines 19 and 20 (for each parent) $____ $ 13
22. Recommended support amounts (Line 18 minus line 21) $ 55 $ 115
23. Current support order (Noncustodial parent(s) only. If different from line 22 amount, explain in section VI.) $_____ $_____GO TO THE NEXT PAGE
 EXHIBIT — Page 3 CONNECTICUT CHILD SUPPORT AND ARREARAGE GUIDELINES WORKSHEET A — PAGE 1
CT Page 7752
FRANCES MUDD EDWARD MUDD SHARED (FATHER)
MOTHER FATHER NAME OF CUSTODIAN
COURT_________ D.N./CASE NO. FA98-0168224 NUMBER OF CHILDREN 1
CHILD'S NAME DATE OF BIRTH CHILD'S NAME DATE OF BIRTH ____________ _____________ ____________ _____________
EDWARD 8-15-86 ____________ _____________
____________ _____________ ____________ _____________
II. Net Income Computation (Weekly Amounts) MOTHER FATHER
1. Gross income (attach verification) $ 202 $ 577
2. Number of exemptions for tax purposes ______ ______
3. Federal income tax $_______ $ 59
4. State and local income tax $______ $______
5. Social security tax or mandatory retirement $______ $ 44
6. Health insurance premiums (other than child) $______ $______
7. Union dues or fees $______ $______
8. Unreimbursed work-related day care $______ $______
9. Other alimony and child support orders $______ $______
10. Sum of lines 3 — 9 $______ $______
11. Net income (line 1 minus line 10) $ 202 $ 474
II. Current Support Determination
12. Combined net weekly income (nearest $10.00) $ 676
13. Basic obligation (from schedule) $ 40
14. Check here if noncustodial parent is a low-income obligor (see instructions) 
CT Page 7753
15. Child's health insurance premium $_______ $ 13
16. Total obligation (Line 13 minus noncustodial parent's line 15 amount if line 14 is checked; line 13 plus line 15 total for all other cases) $_______
17. Each parent's decimal share of line 12 (If line 14 is checked, skip this line and line 19, and enter the line 16 amount in the noncustodial parent's column on line 18.) 30% % 70
18. Each parent's share of the total obligation (Line 17 times line 16 for each parent) $ 40 $______
19. Health insurance premium adjustment $______ $______
20. Social security benefits adjustment $______ $______
21. Sum of lines 19 and 20 (for each parent) $______ $______
22. Recommended support amounts (Line 18 minus line 21) $ 40 $______
23. Current support order (Noncustodial parent(s) only. If different from line 22 amount, explain in section VI.) $______ $______
Novack, J.